ORIGINAL

FILED

Michael O. Azat (Bar No. 278409)
  mike.azat@azatlaw.com
Issa Y. Azat (Bar No. 292145)
  issa.azat@azatlaw.com
The Azat Law Group
99 S. Lake Ave., Suite 208
Pasadena, CA 91101
Phone: 626-394-9532

2018 OCT 25 PM 3:35

CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV18-09178-SVW(JPRx)

JOHN DOE, an individual,

    Plaintiff,

    v.

CALIFORNIA INSTITUTE OF TECHNOLOGY, a nonprofit corporation, and DOES 1-10, inclusive,

    Defendants.

APPLICATION FOR LEAVE TO FILE COMPLAINT AND NOTICE OF INTERESTED PARTIES UNDER SEAL AND TO PROCEED UNDER PSEUDONYMS

## APPLICATION TO PROCEED UNDER PSEUDONYMS AND FILE UNDER SEAL

Pursuant to Local Rule 79-5.2.1(a)(ii) of the United States District Court for the Central District of California, plaintiff John Doe ("plaintiff") hereby requests that this Court enter an order allowing plaintiff permission to file under seal the Complaint and the Notice of Interested Parties in this action and for plaintiff to proceed using pseudonyms. Plaintiff requests that the Complaint remain sealed throughout pretrial proceedings and up to trial. The declaration of Michael Azat establishing good cause to allow this matter to be sealed, a copy of plaintiff's Complaint, and the proposed order are filed concurrently herewith.

---

DECLARATION OF MICHAEL AZAT

Grounds for this application are that the Complaint describes sensitive matters of sexual conduct between plaintiff and Jane Doe, and the Notice of Interested Parties identifies plaintiff by his true name, which if made public would subject plaintiff and Jane Doe to harassment, injury, ridicule or personal embarrassment. Alternatively, should the Court find that the Complaint and Notice of Interested Parties cannot be filed under seal, plaintiff respectfully requests that the Court not disclose their contents, and return them to plaintiff. This application is based on the below memorandum of points and authorities, the declaration of Michael Azat, the proposed Complaint to be filed under seal, and the Proposed Order filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff submits this application concurrently with the Complaint in this action to request leave for him and Jane Doe to proceed under pseudonyms and to file the Complaint under seal. As fully explained in the Complaint, plaintiff brings claims against defendant California Institute of Technology ("Caltech") under 20 U.S.C. section 1681 and related state claims after Caltech wrongfully investigated and sanctioned Jane Doe's false allegations of sexual misconduct against plaintiff through its Title IX proceedings.

Good cause exists to grant this Application because the Complaint contains explicit details of plaintiff's consensual sexual encounters with Jane Doe, Jane Doe's false accusations of sexual misconduct, and Caltech's disciplinary findings.

### II.  ANALYSIS

#### A.  Legal Standard

Federal Rule of Civil Procedure 10(a) states that "[t]he title of the complaint must name all the parties." As a general rule, "the identity of the parties in an action, civil or criminal, should not be concealed." United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1980). "Nevertheless, many federal courts, including the Ninth Circuit,

have permitted parties to proceed anonymously when special circumstances justify secrecy." <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." <u>Id.</u> at 1068 (citing <u>Doe</u>, 655 F.2d at 922 n.1).

Generally, the use of pseudonyms is often permitted to preserve the privacy of individuals in highly personal and sensitive matters. <u>Id.</u> When deciding whether to allow a party to proceed anonymously, the Court must conduct a balancing test and weigh the need for anonymity against "any prejudice to the opposing party and the public's interest in knowing the party's identity." <u>Id.</u>

**B.     Plaintiff's Need for a Pseudonym**

Courts generally allow plaintiffs to proceed anonymously when their claims involve sensitive issues of a sexual nature. See, e.g., <u>Doe v. Alger</u>, 317 F.R.D. 37, 42 (W.D. Va. 2016) (allowing student accused of sexual misconduct to proceed under pseudonym); See, e.g., <u>Doe v. Columbia</u>, 831 F.3d 46, 48 (student accused of sexual misconduct identified by pseudonym); <u>Doe v. Lynn University</u>, 235 F.Supp.3d 1336, 1337 (same); <u>Doe v. Miami University, et al.</u>, 882 F.3d 579, 584 (same); see also generally <u>Doe v. Penzato</u>, No. CV–10–5154–MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allegations of sexual assault sufficient to maintain anonymity of parties); <u>Alyssa C. v. Palo Alto Hous. Corp.</u>, No. C 07–1112 JW, 2007 WL 878524, at *1 (N.D. Cal. Mar. 20, 2007) (same); <u>Doe v. Cabrera</u>, 307 F.R.D. 1, 3 (D.D.C. 2014) (permitting the victim of an alleged sexual assault to proceed anonymously against her alleged attacker, a professional baseball player, due to the trauma the plaintiff would likely suffer if her identity were revealed to the public); <u>E.E.O.C. v. Spoa, LLC</u>, No. CCB–13–1615, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (allowing use of pseudonym because "sexual assault" is a "highly sensitive and personal matter"); <u>Roe</u>

v. St. Louis Univ., No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

Here, plaintiff's complaint includes detailed allegations of his sexual relationship with Jane Doe that led to her having brought false allegations of sexual misconduct against plaintiff. Complaint, ¶¶ 13-31. The Complaint also includes allegations of how Doe retaliated against plaintiff by having labeled him a "rapist" and that he was "convicted of sexual assault." Complaint, ¶¶ 115-17. As a result, plaintiff suffered serious emotional distress and trauma from the stigma of having been accused of such vile allegations. To allow these facts to become public would only further cause plaintiff unnecessary "harassment, injury, ridicule, [and] personal embarrassment." Does I thru XXII, 214 F.3d at 1068. Thus, the first factor weighs in favor of allowing the Complaint to be sealed and for plaintiff to proceed under a pseudonym.

### C. Prejudice to Caltech

The Court's second step of the analysis is to examine the potential harm to Caltech from plaintiff's use of fictitious names. Does I thru XXIII, 214 F.3d at 1068. Caltech would not suffer any harm by allowing plaintiff to keep his and his former lover's names anonymous. First, Caltech is well aware of the identity of the parties, having administered the disciplinary proceedings that are the subject of plaintiff's Complaint. Second, it would further Caltech's interests to keep the names of its students that are involved in matters of alleged sexual misconduct private. Thus, the second factor also weighs in favor of allowing the Complaint to be sealed and for plaintiff to proceed under a pseudonym.

### D. Public Interest

Finally, the Court must weigh the interests of the public. Does I thru XXIII, 214 F.3d at 1068. While it is axiomatic that the public has an interest in open court

proceedings, the interests of plaintiff and Jane Doe weigh in favor of anonymity. The Complaint includes details of plaintiff and Jane Doe's most intimate moments, including details of plaintiff and Jane Doe's sexual relationship, Jane Doe's allegations of sexual misconduct, and details of Caltech's findings.

Further, public policy favors such matters to be kept confidential to encourage those who have been wrongly accused of sexual misconduct to come forward and have their case heard without the risk of public disclosure. Courts across the country have agreed. See supra. The Court should allow plaintiff to proceed using pseudonyms and for the Complaint to be filed under seal.

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant this Application and allow plaintiff to file under seal the Complaint and Notice of Interested Parties, and to allow plaintiff to proceed using pseudonyms.

DATED:  October 25, 2018           Respectfully Submitted,

**THE AZAT LAW GROUP**

By: _____
Michael Azat (Bar No. 287409)
mike.azat@azatlaw.com
Issa Y. Azat (Bar No. 292145)
issa.azat@azatlaw.com
Attorneys for Plaintiff

## DECLARATION OF MICHAEL O. AZAT

I, Michael O. Azat, declare as follows:

1. I am the attorney of record for plaintiff in this matter. I make this declaration in support of plaintiff's request to file his Compliant under seal and to proceed using pseudonyms. I have personal knowledge of the facts set forth below and could and would competently testify to those facts if called and sworn as a witness.

2. Plaintiff requests to file the Complaint under seal and to proceed under a pseudonym.

3. Good cause exists to allow plaintiff to file under seal his Complaint and Notice of Interested Parties and to proceed using pseudonyms because the Complaint contains detailed, and sometimes graphic, descriptions of plaintiff's sexual interactions with a fellow student, the fellow student's allegations of sexual misconduct against plaintiff, and defendant California Institute of Technology's ("defendant") findings from its Title IX investigation of plaintiff. The Notice of Interested Parties identifies plaintiff by his true name. The public disclosure of these sensitive matters would cause plaintiff to suffer further harassment, injury, ridicule and personal embarrassment.

4. I asked defendant's attorney, Ann Martin, via e-mail on October 16, 2018 and again on October 17, 2018, whether defendant would oppose the filing of the Complaint under seal and for plaintiff to proceed using pseudonyms. As of the date of this filing, Ms. Martin did not respond to my inquiry.

///
///

DECLARATION OF MICHAEL AZAT

-2-

5.  Should the Court deny this application, plaintiff requests that the Complaint and this application not be filed, but be returned to plaintiff without filing of the documents or reflection of the name or nature of the documents on the clerk's public docket.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Pasadena, California, on October 25, 2018.

_____
MICHAEL O. AZAT