STUART D. TOCHNER, CA Bar No. 123758
stuart.tochner@ogletree.com
VANESSA C. KRUMBEIN, CA Bar No. 272202
vanessa.krumbein@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:  213.239.9045

Attorneys for Defendant
CALIFORNIA INSTITUTE OF TECHNOLOGY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>CALIFORNIA INSTITUTE OF<br>TECHNOLOGY, a nonprofit<br>corporation, and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. CV18-09178-SVW (JPRx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; Declaration of Vanessa C. Krumbein, and [Proposed] Order]<br><br>Date:        January 28, 2019<br>Time:        1:30 p.m.<br>Place:        Courtroom 10A<br><br><br>Complaint Filed: October 25, 2018<br>Trial Date:        None<br>Judge:        Hon. Stephen V. Wilson |

Case No. CV18-09178-SVW (JPRx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on January 28, 2019, at 1:30 p.m. in Courtroom 10A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable Stephen V. Wilson, presiding, defendant California Institute of Technology ("Caltech") will and hereby does move to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief can be granted and on the grounds that this Court lacks jurisdiction over this case because Plaintiff failed to exhaust his exclusive remedies by first seeking a writ of administrative mandamus.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of Vanessa C. Krumbein, the pleadings filed in this case, the record as a whole, and upon such further oral and documentary evidence and argument as may be presented at or before the time of the hearing.

## CONFERENCE OF COUNSEL

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which began on December 7, 2018. (*See* Declaration of Vanessa Krumbein filed concurrently herewith.)


DATED:  December 17, 2018          OGLETREE, DEAKINS, NASH, SMOAK &
                                   STEWART, P.C.



                                   By: */s/ Vanessa C. Krumbein*
                                       Stuart D. Tochner
                                       Vanessa C. Krumbein

                                   Attorneys for Defendant
                                   CALIFORNIA INSTITUTE OF
                                   TECHNOLOGY

2                    Case No. CV18-09178-SVW (JPRx)

Motion to Dismiss -
Final.DOCX

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...................... 1

II.  RELEVANT FACTS ALLEGED IN COMPLAINT ............................ 1

III. ARGUMENT ......................................................................... 3

    A.   Legal Standard ............................................................. 3

    B.   This Court Lacks Jurisdiction Over Plaintiff's Claims. ................. 4

    C.   Plaintiff's Lawsuit Is Barred Because He Failed to Seek Judicial Exhaustion Of The Administrative Proceedings Through A Writ Of Mandate Before Asserting A Claim for Damages .................................................................. 4

        1.   Caltech's policies trigger the exclusive remedy of administrative mandamus. .................................... 5

        2.   Courts have recognized that student disciplinary proceedings are quasi-judicial in nature. ............................ 6

        3.   All of Plaintiff's claims must be dismissed. ....................... 8

    D.   Caltech's Administrative Decision Must Be Given Preclusive Effect Because Plaintiff Failed to First Petition *The State Court* For A Writ Of Mandamus. ................................... 9

IV.  CONCLUSION ................................................................... 12

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
459 U.S. 519 (1983) .......................................................................... 3

*Brooke v. Peterson*,
185 F. Supp. 3d 1203 (C.D. Cal. 2016) .......................................... 9

*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*,
867 F.3d 1093 (9th Cir.) .................................................................. 9

*Doe v. Regents of the Univ. of California*,
891 F.3d 1147 (2018) ............................................................ 6, 8, 11

*Eilrich v. Remas*,
839 F.2d 630 (9th Cir. 1988) ..................................................... 9, 10

*Garcia v. Los Banos Unified School Dist.*,
418 F. Supp. 2d 1194 (2006) ......................................................... 10

*Kenneally v. Lungren*,
967 F.2d 329 (9th Cir. 1992) ......................................................... 10

*Loera v. County of Imperial*,
256 Fed.Appx. 961 (9th Cir. 2007) ................................................. 8

*Lucas v. Dep't of Corr.*,
66 F.3d 245 (9th Cir. 1995) ............................................................. 4

*Marrese v. American Academy of Orthopaedic Surgeons*,
470 U.S. 373 (1985) ......................................................................... 9

*Mathew Enterprise, Inc. v. FCA US, LLC*,
No. 16-CV-03551-LHK, 2016 WL 6778534
(N.D. Cal. Nov. 16, 2016) ............................................................... 4

*Miller v. County of Santa Cruz*,
39 F.3d 1030 (9th Cir. 1994) ............................................... 7, 8, 9, 10

*Misischia v. Pirie*,
60 F.3d 626 (9th Cir. 1995) ...................................................... 10, 11

*Olson v. Morris*,
188 F.3d 1083 (9th Cir. 1999) ......................................................... 9

*Plaine v. McCabe*,
797 F.2d 713 (9th Cir. 1986) ......................................................... 10

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ........................................................... 3

ii

Motion to Dismiss - Final.DOCX

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................. 3

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ................................................................. 4

*United States v. Utah Construction & Mining Co.*,
  384 U.S. 394, 86 S. Ct. 1545 (1966) ..................................................... 9

*University of Tennessee v. Elliott*,
  478 U.S. 788, 106 S. Ct. 3220 (1986) ........................................ 8, 9, 10

**California Cases**

*300 DeHaro Street Investors v. Department of Housing & Community
Development*,
  161 Cal. App. 4th 1240 (2008) .............................................................. 5

*American Indian Model Schools v. Oakland Unified School Dist.*,
  227 Cal. App. 4th 258 (2014) ................................................................ 5

*Armistead v. State Personnel Board*,
  22 Cal.3d 198 (1978) ............................................................................. 7

*Berman v. Regents of Univ. of California*,
  229 Cal. App. 4th 1265 (2014) .......................................................... 6, 11

*Cal. Pub. Employees Ret. Sys. v. Superior Court*,
  160 Cal. App. 4th 174 (2008),
  (disapproved of on other grounds by
*State Bd. of Chiropractic Examiners v. Superior Court*,
  45 Cal. 4th 963 (2009) ........................................................................... 5

*City of Fresno v. Superior Court*,
  188 Cal. App. 3d 1484 (1987) .......................................................... 4, 11

*Edgren v. Regents of University of California*,
  158 Cal. App. 3d 515 (1984) ............................................................... 10

*Goldberg v. Regents of the Univ. of California*,
  248 Cal. App. 2d 867 (1967) ............................................................ 6, 11

*Gupta v. Stanford University*,
  124 Cal. App. 4th 407 (2004) ............................................................ 5, 8

*Interior Systems, Inc. v. Del E. Webb Corp.*,
  121 Cal.App.3d 312 (1981) ................................................................. 11

*Johnson v. City of Loma Linda*,
  24 Cal. 4th 61 (2000) .................................................................... 10, 11

*Logan v. Southern Calif. Rapid Transit Dist.*,
  136 Cal. App. 3d 116 (1982) ................................................................ 8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

*Morton v. Superior Court,*
  9 Cal. App. 3d 977 (1970) ............................................................. 4

*Poschman v. Dumke,*
  31 Cal. App. 3d 932 (1973) ........................................................... 7

*Shuffer v. Board of Trustees,*
  67 Cal. App. 3d 208 (1977) ........................................................... 7

*Takahashi v. Board of Ed.,*
  202 Cal. App. 3d 1464 (1988) ..................................................... 11

*Westlake Community Hospital v. Superior Court,*
  17 Cal. 3d 465 (1976) .................................................................... 7

*Williams & Fickett v. County of Fresno,*
  2 Cal. 5th 1258, 1268 (2017) ........................................................ 4

**Federal Statutes**

28 U.S.C.
  § 1367(c)(3) .................................................................................... 9
  § 1738 ............................................................................................. 9

42 U.S.C.
  § 1983 ....................................................................................... 1, 11

**California Statutes**

Cal. Code of Civ. Proc.
  § 1094.5 .............................................................................. *passim*

Motion to Dismiss - Final.DOCX

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff John Doe ("Plaintiff"), a student accused by another of sexual assault, filed this lawsuit against his university, California Institute of Technology ("Caltech"), alleging that Caltech conducted an inadequate hearing into the allegations against him and unfairly disciplined him.  Plaintiff has alleged the following eight causes of action against Caltech: (1) violation of Title IX; (2) discrimination in violation of 42 U.S.C. § 1983; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) intentional infliction of emotional distress; (6) negligence; (7) negligent infliction of emotional distress; and (8) declaratory relief.

Plaintiff's lawsuit is barred because Plaintiff failed to seek judicial exhaustion through a state court writ of mandate. Cal. Code of Civ. Proc. § 1094.5.  The California legislature enacted California Code of Civil Procedure section 1094.5 to provide the sole and exclusive procedure for challenging administrative decisions, including those relating to student discipline.  Moreover, the Ninth Circuit has consistently held that federal courts are required to give preclusive effect to state administrative decisions if the California courts would do so.

Indeed, in a recent case with facts similar to the instant action, the Ninth Circuit ordered dismissal of a student lawsuit for his failure to first exhaust judicial remedies by filing a Section 1094.5 petition in state court.  Accordingly, because Plaintiff elected not to pursue his exclusive state-court remedy—a writ of administrative mandamus—prior to filing suit in this Court, Plaintiff's claims are barred in this forum.

## II.   RELEVANT FACTS ALLEGED IN COMPLAINT

Plaintiff, a male student at the California Institute of Technology, was accused of sexually assaulting another student, Jane Doe, in or around early 2017. (*See* Compl. ¶ 58.)

As a Caltech student, he was required to abide by Caltech's Sexual Misconduct policy, which set forth the policy and procedures relating to sexual misconduct

involving Caltech students and/or staff. (*See* Request for Judicial Notice ["RJN"], Exh. A, p. 4.)  Pursuant to the policy and procedures, if an individual has a complaint relating to sexual misconduct that cannot be resolved informally, Caltech's Title IX Coordinator will proceed with a formal investigation and seek administrative resolution. (*See* RJN, Exh. A, p. 16-18.)  According to the *nondiscretionary* formal investigation and administrative resolution procedures:

- all participants involved in the investigation will receive a fair and impartial process (RJN, Exh. A, p. 19);

- the complainant and respondent may have an advisor of their choice accompany them when reporting, or responding to, allegations of sexual misconduct (RJN, Exh. A, p. 19);

- the complainant and respondent will be provided with a copy of the Sexual Misconduct policy and informed of the relevant procedures, and will be given the opportunity to object to the investigator(s) on the grounds that the investigator has a conflict or cannot be impartial by notifying the appropriate Caltech official in writing (RJN, Exh. A, p. 20);

- the investigator(s) will summarize for the respondent the evidence in support of the complaint to allow the respondent the opportunity to respond (RJN, Exh. A, p. 20);

- the complainant and respondent will be given equal opportunity to present their cases and to present other evidence(RJN, Exh. A, p. 20); and

- the complainant and the respondent will be notified in writing of the outcome of the proceedings and shall be given the option to appeal. (RJN, Exh. A, p. 20-21.)

Moreover, Caltech's policy sets forth procedures for appealing any decision resulting from the Formal Investigation process. (*See* RJN, Exh. A, p. 22.)

Here, in accordance with Caltech's policy, Plaintiff alleges that Caltech's Title IX Coordinator provided Plaintiff with detailed notice of Jane Doe's allegations of

2

sexual misconduct, and Caltech conducted a formal investigation into the complaint, including meeting with Plaintiff on at least four separate occasions where he was given an opportunity to be heard. (*See* Compl. ¶¶ 64, 67, 70, 72-75.)  On or about June 8, 2017, Plaintiff was notified of Caltech's findings from the formal investigation process through Dean of Undergraduate Students Kevin Gilmartin, including its conclusion that Plaintiff had violated Caltech's policy on sexual violence. (*See* Compl. ¶¶ 76-78.) Plaintiff was suspended for the 2017 summer and fall terms, with the ability to petition for reinstatement after that time. (*See* Compl. ¶ 78.)

Plaintiff internally appealed Caltech's decision on or about June 18, 2017, and in or around July 2017, Caltech's Vice President of Student Affairs modified Plaintiff's sanction to permit him to petition Caltech to return to classes for the fall 2017 term (but he upheld the finding that Plaintiff had violated Caltech's policies). (*See* Compl. ¶¶ 96-98.)  Plaintiff did not seek a writ of administrative mandamus. Instead, Plaintiff filed this lawsuit on October 25, 2018.

## III.  **ARGUMENT**

### A.  **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted."  A dismissal pursuant to Rule 12(b)(6) is proper where there is an absence of sufficient facts alleged under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor must the Court assume that a plaintiff can prove facts different from those it has alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Likewise, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such

that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If a claim for relief cannot be cured by amendment, it should be dismissed without affording leave to amend. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## B.   This Court Lacks Jurisdiction Over Plaintiff's Claims.

Plaintiff's lawsuit fails in its entirety because Plaintiff has failed to seek judicial exhaustion by challenging the disciplinary action through a state court writ of mandate. *See* Cal. Code Civ. Proc. § 1094.5. The exhaustion requirement is considered a condition of jurisdiction and, thus, it is a necessary prerequisite to obtaining judicial relief. *See Mathew Enterprise, Inc. v. FCA US, LLC*, No. 16-CV-03551-LHK, 2016 WL 6778534, at *9 (N.D. Cal. Nov. 16, 2016) (citing *Yamaha Motor Corp. v. Superior Court*, 185 Cal. App. 3d 1232, 1240 (1986)); *Williams & Fickett v. County of Fresno*, 2 Cal. 5th 1258, 1268 (2017) ("The exhaustion rule 'is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts'"); *Morton v. Superior Court,* 9 Cal. App. 3d 977, 981 (1970) ("[I]t is settled that the exhaustion of an administrative remedy, where one is available, is a condition precedent to obtaining judicial relief, and that 'a court violating the rule acts in excess of jurisdiction.' [Citations.]"); *City of Fresno v. Superior Court*, 188 Cal. App. 3d 1484, 1490 (1987) ("[F]ailure to exhaust [an] administrative remedy is a jurisdictional, not a procedural defect.").

## C.   Plaintiff's Lawsuit Is Barred Because He Failed to Seek Judicial Exhaustion Of The Administrative Proceedings Through A Writ Of Mandate Before Asserting A Claim for Damages.

Section 1094.5 of the California Code of Civil Procedures provides, in pertinent part, that mandamus is available to review "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested

4

in the inferior tribunal, corporation, board, or officer." Cal. Code Civ. Proc. § 1094.5. Seeking a writ of administrative mandamus is the **exclusive remedy** for grievances arising from a relationship with a private university which provides for an adversarial process for those grievances; ***"[w]hether the aggrieved party is seeking redress for termination of employment, denial of tenure, or academic discipline is irrelevant to the applicability of section 1094.5."*** *Gupta v. Stanford University*, 124 Cal. App. 4th 407, 411 (2004) (emphasis added).  In *Gupta v. Stanford University*, 124 Cal. App. 4th 407 (2004), the court affirmed that the exclusive remedy in section 1094.5 is triggered by the availability of an administrative hearing with the taking of evidence. *Gupta*, 124 Cal. App. 4th at 411.

> 1.   Caltech's policies trigger the exclusive remedy of administrative mandamus.

It has been well settled that a "formal evidentiary hearing" is not actually required to trigger the availability of an administrative mandamus hearing. *American Indian Model Schools v. Oakland Unified School Dist.*, 227 Cal. App. 4th 258, 295 (2014) ("Code of Civil Procedure section 1094.5 does not require a 'formal evidentiary hearing' ").  Rather, Section 1094.5 is invoked when there is an "adversarial process in which the [administrative] agency [at issue] resolves disputed facts after affording interested parties an opportunity to present evidence." *300 DeHaro Street Investors v. Department of Housing & Community Development*, 161 Cal. App. 4th 1240, 1251 (2008).  "[S]o long as the agency is required . . . to accept and consider evidence from interested parties before making its decision," the proceedings, even if entirely documentary, satisfy the hearing requirement of Code of Civil Procedure section 1094.5. *See 300 DeHaro Street Investors*, 161 Cal. App. 4th at 1251; *Cal. Pub. Employees Ret. Sys. v. Superior Court*, 160 Cal. App. 4th 174, 177–78 (2008) (disapproved of on other grounds by *State Bd. of Chiropractic Examiners v. Superior Court*, 45 Cal. 4th 963 (2009)).

Here, as described above and referenced in Plaintiff's Complaint, Caltech's

Motion to Dismiss - Final.DOCX

5

Case No. CV18-09178-SVW (JPRx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

Sexual Misconduct policy provides for due process insofar as the policy requires that Caltech's formal investigation and administrative process provide all parties the opportunity to object to the selected impartial investigator, gives equal opportunity to all parties to present their cases and to present other evidence, and gives the respondent a summary of all evidence in support of the complaint to allow the respondent an opportunity to respond and rebut such evidence, which Caltech must consider, before a decision is ever reached based on the evidence. (RJN, Exh. A, p. 19-21.)  Moreover the procedures require that Caltech notify the respondent of the outcome of the proceedings in writing, and of the respondent's right to appeal the decision. (*See* RJN, Exh. A, p. 21-22.)  In fact, Plaintiff's Complaint even confirms that disciplinary proceedings were conducted and involved an investigation and the opportunity for both parties to present evidence which Caltech was required to consider before reaching a decision.  (*See* Compl. ¶¶ 64, 67, 70, 72-75.)  Thus, there is no question that Caltech's Sexual Misconduct policy triggers the exclusive remedy of administrative mandamus under Section 1094.5.

> 2.   Courts have recognized that student disciplinary proceedings are quasi-judicial in nature.

Courts have repeatedly recognized that a student disciplinary proceeding is quasi-judicial in nature, and that the remedy for a California student who disputes the outcome of his or her disciplinary proceeding is to petition the court for writ of mandate under California Code of Civil Procedure section 1094.5. *See, e.g., Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1155 (2018) (student charged with sexual assault required to exhaust judicial remedies by filing a § 1094.5 petition in state court); *Berman v. Regents of Univ. of California*, 229 Cal. App. 4th 1265, 1267 (2014) (student sought writ of mandate to overturn two-quarter suspension following disciplinary hearing; court concluded Deans did not act in excess of jurisdiction); *Goldberg v. Regents of the Univ. of California*, 248 Cal. App. 2d 867, 873 (1967) (mandate is the appropriate remedy to test the constitutionality of the suspension and

Motion to Dismiss - Final.DOCX

Case No. CV18-09178-SVW (JPRx)
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

dismissal of students from a university); *Shuffer v. Board of Trustees*, 67 Cal. App. 3d 208, 218 (1977) (mandate is appropriate remedy for student's allegation of discriminatory treatment by university in connection with requirements to complete degree); *Poschman v. Dumke*, 31 Cal. App. 3d 932, 938 (1973) (overruled on other grounds by *Armistead v. State Personnel Board*, 22 Cal.3d 198 (1978) (hearing of professor's grievance in connection with denial of tenure, conducted in accordance with rules promulgated by the trustees of the college, was a "hearing" before an "administrative body," and thus writ of mandate under section 1094.5 is the proper remedy).

As explained by the California Supreme Court in *Westlake Community Hospital v. Superior Court*, 17 Cal. 3d 465 (1976), the two primary purposes behind requiring a writ of mandate are: (1) the interest in according proper respect to an administrative agency's quasi-judicial procedures **by precluding a party from circumventing the established process for judicial review of such decisions** by means of a petition for administrative mandate; and (2) "providing a uniform practice of judicial, rather than jury, review of quasi-judicial administrative decisions." *See Westlake Community Hospital v. Superior Court*, 17 Cal. 3d 465, 484 (1976) (emphasis added).

Here, Plaintiff seeks to circumvent the procedures established by Section 1094.5 to challenge Caltech's hearing procedures and the administrative decision imposing discipline. Plaintiff, in fact, pleads there was an investigation, both parties presented evidence for review, and Plaintiff thereafter appealed the determination pursuant to Caltech's policies. But it is obvious from Plaintiff's Complaint that he missed a significant step—he failed to properly exhaust his judicial remedies by first pursuing a writ of mandamus in state court pursuant to Section 1094.5, his exclusive remedy to challenge the administrative process. The Ninth Circuit has held that, where adequate opportunity for judicial review of an administrative decision is available in state court, a plaintiff may not "obstruct the preclusive use of the state administrative decision simply by forgoing [the] right to appeal." *Miller v. County of Santa Cruz*, 39

7

Motion to Dismiss - Final.DOCX

Case No. CV18-09178-SVW (JPRx)
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

F.3d 1030, 1033 (9th Cir. 1994) (internal quotation marks omitted).  Accordingly, because Plaintiff failed to first seek a writ of mandamus in state court, he is barred from pursuing them here.

### 3.   All of Plaintiff's claims must be dismissed.

Plaintiff alleges a total of eight claims for relief in his complaint—two federal statutory causes of action under Title IX and Section 1983, and the remaining arising under contract and tort.  Regardless of his characterization of the claims, he cannot avoid the fact that the gravamen of *each and every one* of the claims is tied to the disciplinary process and the proceedings against him, and arises from the same factual circumstances, including allegations that Caltech's investigation was biased and procedurally improper. (*See, e.g.,* Compl. ¶¶ 133-150, 158-159, 180-181, 188, 194, 202, 204.)  *See Logan v. Southern Calif. Rapid Transit Dist.,* 136 Cal. App. 3d 116, 123-24 (1982) (any cause of action that involves the substance of a hearing held by an agency must be tested under a section 1094.5 writ; a plaintiff may not ignore the administrative decision by filing a separate action at law); *see also Gupta*, 124 Cal. App. 4th at 412-13 (regardless of how causes of action were labeled, all arose from same factual circumstances and were subject to writ of administrative mandamus). As discussed above, the Ninth Circuit has already affirmed that where a plaintiff has not been "deprived of an adequate opportunity to litigate his claims through state administrative and judicial procedures, [ ] he is precluded from relitigating his discrimination claims in federal court." *Loera v. County of Imperial*, 256 Fed.Appx. 961 (9th Cir. 2007) (affirming dismissal of § 1983 *and* California law claims); *see also University of Tennessee v. Elliott*, 478 U.S. 788, 106 S. Ct. 3220, 3225 (1986) (recognizing that Congress did not intend to create any exception or restrict traditional doctrines of preclusion as to § 1983 claims); *Doe*, 891 F.3d at 1155 (**ordering dismissal of Title IX, § 1983, and declaratory relief claims for failure to first file § 1094.5 petition in state court**); *Miller*, 39 F.3d at 1036–37 (unreviewed adverse decision by county civil service commission barred plaintiff's § 1983 claim because

the same primary right to "continued employment" was alleged in both claims).[1] Accordingly, as it is clear that Plaintiff was required to pursue his claims first through writ of mandate, his failure to do so warrants dismissal of all claims in this Court.

### D.   Caltech's Administrative Decision Must Be Given Preclusive Effect Because Plaintiff Failed to First Petition *The State Court* For A Writ Of Mandamus.

"Federal courts must give preclusive effect to state court reviewed administrative determinations under 28 U.S.C. § 1738, *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 . . . (1985), and to unreviewed administrative findings under federal common law rules of preclusion. *University of Tennessee v. Elliott*, 478 U.S. 788 . . . (1986)." *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988). Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S. Ct. 1545 (1966). *See Miller*, 39 F.3d at 1032–33.  Under *Utah Construction & Mining Co.,* the fairness of a state administrative proceeding is evaluated by resort to both the underlying administrative proceeding and the available judicial review procedure. *See Olson v. Morris*, 188 F.3d 1083, 1086–87 (9th Cir. 1999).

Here, Plaintiff cannot argue that the California state court would not have afforded him an adequate opportunity to raise any objections he had to Caltech's administrative proceedings.  In fact, the Ninth Circuit has already held that a Section

---

[1] Moreover, as the law clearly requires dismissal of Plaintiff's federal claims (over which the Court had original jurisdiction), to the extent the Court determines that any state law claims are not subject to Section 1094.5's exhaustion requirements, the Court should still decline to exercise pendent jurisdiction over any such remaining claims.  *See Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1212-13 (C.D. Cal. 2016) (overruled on other grounds by *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir.); *see also* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

Motion to Dismiss - Final.DOCX

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

1094.5 petition for a writ of administrative mandamus provides "an adequate opportunity for de novo judicial review." *Miller*, 39 F.3d at 1033 (internal citation omitted); *see also Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (holding that the section 1094.5 procedure provided the plaintiff a "meaningful opportunity" to raise constitutional claims and "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices").

The Ninth Circuit has also repeatedly held that where, as here, state judicial review of an administrative decision is available but the plaintiff elects not to seek such review and instead files an action in federal court, **the administrative decision is final and must be given full preclusive effect in the federal court action**. *See, e.g., University of Tennessee*, 106 S. Ct. at 3225 (recognizing that Congress did not intend to create any exception or restrict traditional doctrines of preclusion to § 1983 claims); *Garcia v. Los Banos Unified School Dist.*, 418 F. Supp. 2d 1194, 1211-12 (2006) (claim was barred by collateral estoppel for employee's failure to exhaust judicial remedies to set aside school board's negative findings); *Misischia v. Pirie*, 60 F.3d 626, 629-31 (9th Cir. 1995); *Miller*, 39 F.3d at 1032-33 (an administrative hearing adjudication binds the parties on the issues litigated and doctrines of res judicata and collateral estoppel barred the plaintiff's federal suit because he failed to seek review); *Eilrich*, 839 F.2d at 632 ("Federal courts must give preclusive effect . . . to unreviewed administrative findings under federal common law rules of preclusion."); *Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986); *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000); *Edgren v. Regents of University of California*, 158 Cal. App. 3d 515 (1984) (once internal grievance procedures are exhausted, the proper means for obtaining review of the adequacy of the grievance proceedings was not a civil action, but rather an administrative mandamus proceeding under section 1094.5).

For example, in *Misischia v. Pirie*, 60 F.3d 626 (9th Cir. 1995), the court

Case No. CV18-09178-SVW (JPRx)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(1) and 12(B)(6)

affirmed dismissal of a Section 1983 lawsuit, holding that "[a] litigant cannot use supplemental jurisdiction to have a federal judge instead of a state judge perform the judicial review of a state administrative agency decision which the state statute assigns to a state court." 60 F.3d at 631.  The *Misischia* court held that, "[w]hen [Plaintiff] elected not to appeal to the Hawaii Circuit Court from the Board's decision regarding its examination of the mannequin and his other procedural challenges [including constitutional ones], the Board's decision became final, and precluded reexamination in federal court." *Id.* at 630.  More recently, in a 2018 decision, the Ninth Circuit ruled that a student's Title IX and § 1983 claims must be dismissed because the student had not first exhausted his remedies pursuant to Section 1094.5. *See Doe*, 891 F.3d at 1155.

Moreover, California courts have consistently held that administrative hearings are binding on parties in subsequent litigation. *See, e.g., Berman v. Regents of Univ. of California*, 229 Cal. App. 4th 1265, 1267, 1272 (2014); *Goldberg v. Regents of Univ. of California*, 248 Cal. App. 2d 867, 873 (1967).  As the California Supreme Court held in *Westlake*, and reaffirmed in *Johnson v. City of Loma Linda*, 24 Cal. 4th 61 (2000), "unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action . . . those findings are binding in later civil actions." *Johnson*, 24 Cal. 4th at 69-70; *see also Interior Systems, Inc. v. Del E. Webb Corp.,* 121 Cal.App.3d 312, 319, 320 (1981) (to allow a civil action in the face of an adverse administrative ruling "would render the [administrative review] a meaningless and idle act").  Indeed, since *Westlake*, lower courts have consistently dismissed civil claims—typically on the basis of lack of jurisdiction—where the plaintiff had not overturned an unfavorable administrative finding by mandamus. *See, e.g., Takahashi v. Board of Ed.,* 202 Cal. App. 3d 1464, 1482-83 (1988); *City of Fresno*, 188 Cal. App. 3d at 1489.  Because Plaintiff failed to exhaust the judicial remedies available to him, the Court must give preclusive effect to Caltech's administrative findings and dismiss the Complaint.

## IV.   **CONCLUSION**

Based on the foregoing, Caltech respectfully requests that this Court grant Caltech's motion to dismiss, without leave to amend.


DATED:  December 17, 2018                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Vanessa C. Krumbein*
       Stuart D. Tochner
       Vanessa C. Krumbein

Attorneys for Defendant
CALIFORNIA INSTITUTE OF
TECHNOLOGY

36697495.1

Motion to Dismiss -
Final.DOCX