UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION TO DISMISS IN PART AND REQUESTING SUPPLEMENTAL BRIEFING [24]

On January 7, 2019, Plaintiff John Doe filed a First Amended Complaint in this action under seal, alleging that Defendant California Institute of Technology ("Caltech") violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX") by denying Plaintiff with due process and equal protection in connection with university disciplinary proceedings, and that Defendant Dr. Felicia Hunt ("Dr. Hunt"), Caltech's Title IX Coordinator, denied Plaintiff due process and discriminated against Plaintiff in violation of 42 U.S.C. § 1983. *See* Dkt. 22 (the "FAC") ¶¶ 134-67. The FAC also includes causes of action for declaratory relief and a petition for writ of administrative mandamus pursuant to Cal. Civ. Proc. Code § 1094.5. *See id.* ¶¶ 168-81.

On January 22, 2019, Caltech filed a motion to dismiss the FAC, arguing that (1) this Court lacks federal jurisdiction over Plaintiff's action because Plaintiff failed to exhaust judicial remedies prior to bringing this lawsuit in federal court, and (2) Plaintiff has failed to state a plausible claim for relief against Dr. Hunt under 42 U.S.C. § 1983. *See* Dkt. 24.

**I.      Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

(2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

**II. Analysis**

    **A. Exhaustion of Judicial Remedies**

Caltech argues that Plaintiff did not properly exhaust his judicial remedies prior to challenging the adequacy of Caltech's disciplinary proceedings. The parties appear to be in agreement that, to exhaust Plaintiff's judicial remedies for his claims challenging the administrative decisions made by Caltech in Plaintiff's disciplinary proceedings, Plaintiff must seek a writ of administrative mandamus under § 1094.5, which is the exclusive remedy for any causes of action "inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer." Cal. Civ. Proc. Code § 1094.5(a). However, although Plaintiff includes a cause of action under § 1094.5 in the FAC, Caltech asserts that Plaintiff was first required to seek relief under § 1094.5 in state court prior to bringing suit under Title IX and § 1983 in federal court.

Caltech's argument depends entirely on a misreading of the Ninth Circuit's recent decision in *Doe v. Regents of the University of California*, 891 F.3d 1147 (9th Cir. 2018). In *Doe*, this Court was faced with a similar complaint filed by a plaintiff against a public state university for violations of Title IX and § 1983 in connection with disciplinary proceedings. *Id.* at 1150-51. This Court denied the defendant's motions to dismiss the plaintiff's claims, finding the defendant's Eleventh Amendment immunity defense inapplicable to the plaintiff's § 1094.5 petition. *Id.* at 1152. This Court determined that the plaintiff's § 1094.5 petition was merely a procedural mechanism for federal injunctive relief and fell within the exception to Eleventh Amendment immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908), which allows for a party to seek "prospective injunctive relief" against an individual state officer acting in his or her official capacity. *Doe*, 891 F.3d at 1152.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

On appeal to the Ninth Circuit, the defendant again argued that the plaintiff could not bring claims under Title IX and § 1983 against the university in federal court due to Eleventh Amendment immunity. *See id.* at 1152. The Ninth Circuit first rejected the plaintiff's argument that the defendant waived Eleventh Amendment immunity in the underlying district court proceedings, finding that the defendant did not unequivocally waive its right to assert Eleventh Amendment immunity by acknowledging that the defendant "had 'yet to assert'" immunity at a prior stage in the litigation. *Id.* at 1152-53. Then, analyzing the plaintiff's petition under § 1094.5, the court noted that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply when an action seeks relief under state law. *Id.* at 1153. The court rejected the argument that a claim under § 1094.5 was merely a "procedural mechanism" or "vehicle" for the plaintiff's federal claims, instead construing a § 1094.5 petition as one that "raises substantive state law claims." *Id.* (citing *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007)). The court reasoned that "if [the plaintiff's] § 1094.5 claims were to succeed on their merits, a federal court would have to grant injunctive relief against a state instrumentality 'on the basis of state law' in violation of the Eleventh Amendment." *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). Therefore, the court held that the Eleventh Amendment barred the plaintiff's petition under § 1094.5 and ordered this Court to dismiss the plaintiff's § 1094.5 petition with prejudice. *Id.* at 1153-54.

Exercising pendent appellate jurisdiction, the Ninth Circuit then addressed the defendant's argument that, because the plaintiff could not bring a § 1094.5 petition in federal court due to Eleventh Amendment immunity, the plaintiff did not exhaust his judicial remedies as necessary for the plaintiff's federal claims. *Id.* at 1154. The court explained that federal common law requires federal courts to "accord preclusive effect to state administrative proceedings that meet the fairness requirements of" the Supreme Court's decision in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966). *Doe*, 891 F.3d at 1154. The "fairness" of state administrative proceedings, in turn, is assessed by analyzing the underlying administrative proceedings as well as the available judicial review procedures. *Id.* Because California adopted the standard for fairness set forth in *Utah Construction*, the court concluded that preclusive effect must be afforded to a state administrative decision if the California courts would reach such a result. *Id.* at 1155 (citing *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994)).

Addressing available judicial procedures, the Ninth Circuit continued that § 1094.5 has been found to be "an adequate opportunity for de novo judicial review," *id.* at 1154-55 (quoting *Miller*, 39 F.3d at 1033), and that California requires exhaustion of judicial remedies through the filing of a § 1094.5 petition, see *id.* at 1155 (citations omitted). However, the court reaffirmed its prior analysis of

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

the Eleventh Amendment, specifically noting that "[a]lthough a plaintiff *is not required by statute to file a § 1094.5 petition in state court*, in this case the Eleventh Amendment bars [the plaintiff] from filing his petition in federal court." *Id.* (emphasis added). Therefore, because the plaintiff had not filed a § 1904.5 petition in state court prior to seeking relief in federal court under Title IX and § 1983, the Ninth Circuit held that the plaintiff had not exhausted his judicial remedies. *Id.*

Caltech's argument that *Doe* affirmatively requires *all* plaintiffs to file § 1094.5 petitions in state court prior to seeking relief in federal court requires a tortured reading of the Ninth Circuit's analysis above. It is unequivocal that the only reason the Ninth Circuit required the plaintiff in *Doe* to file the § 1094.5 petition in state court, rather than bring such a claim in federal court alongside the plaintiff's substantive federal claims, was because of the applicability of Eleventh Amendment immunity to bar federal jurisdiction over the plaintiff's § 1094.5 petition. Caltech is not a public university and is instead a private institution, meaning that Eleventh Amendment immunity does not apply to bar Plaintiff's § 1094.5 petition in federal court as it did in *Doe*. Indeed, as the Ninth Circuit expressly noted, Plaintiff "is not required by statute to file a § 1094.5 petition in state court." *Doe*, 891 F.3d at 1155. Therefore, Plaintiff may fairly bring a § 1094.5 petition before this Court in the absence of Eleventh Amendment immunity, and Caltech has not provided any authority suggesting that it is otherwise procedurally improper for Plaintiff to do so. In fact, other federal courts have properly exercised supplemental jurisdiction over claims under § 1094.5. *See, e.g.*, *AT&T Wireless Servs. of Cal. LLC v. City of Carlsbad*, 308 F. Supp. 2d 1148, 1167 (S.D. Cal. 2003) (finding a § 1094.5 petition seeking an order requiring a city to grant the plaintiff's application for a conditional use permit appropriately brought in federal court); *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 811 (9th Cir. 2007) (noting that the district court granted the plaintiff's requested injunctive relief under § 1094.5 and analyzing whether the district court erred by denying compensatory damages under § 1095); *Jensen v. County of Sonoma*, No. C–08–3440 JCS, 2010 WL 2330384, at *6 (N.D. Cal. June 4, 2010) (citing federal district court cases where the court exercised supplemental jurisdiction over a plaintiff's § 1094.5 petition brought alongside the plaintiff's federal civil rights claims), *aff'd*, 444 F. App'x 156 (9th Cir. 2011).

On the other hand, the Court acknowledges that some federal courts are reluctant to exercise such supplemental jurisdiction. One district court has noted that district courts "routinely deny supplemental jurisdiction over California writ of mandate claims" because "writs of mandate are exclusively state procedural remedies" and "involve complex issues of state law." *Mory v. City of Chula Vista*, No. 10-cv-252-JLS-WVG, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011) (collecting cases); *see also* 28 U.S.C. § 1367(c)(1) (allowing district courts to decline supplemental jurisdiction over state claims that "raise[] a novel or complex issue of State law"). However, the present case does not involve

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

complex issues of state law, because Plaintiff has alleged only a due process violation under § 1983 and a biased disciplinary investigation under Title IX, both of which are federal laws. Plaintiff's allegations that Caltech's investigation against Plaintiff was biased and procedurally improper do not exclusively involve state policy and are readily determinable by a federal court with original jurisdiction over the federal causes of action. Therefore, the Court finds it appropriate to exercise supplemental jurisdiction over Plaintiff's § 1094.5 petition for writ of mandate.[1]

Nevertheless, it is unclear to the Court to what extent a § 1094.5 petition must be adjudicated in order to exhaust a plaintiff's judicial remedies. The Ninth Circuit in *Doe* appeared to suggest that a plaintiff merely needs to "file" a petition, rather than obtain a final judgment on the petition, to satisfy the exhaustion requirements. *See* 891 F.3d at 1155 ("A party must exhaust judicial remedies by *filing* a § 1094.5 petition . . . It is undisputed that Doe has not *filed* a § 1094.5 petition in state court . . . Therefore, Doe has not exhausted his judicial remedies.") (emphasis added); *see also Jensen*, 2010 WL 2330384, at *6 (rejecting the argument that the plaintiffs' § 1983 claim should be precluded by failing to first file a § 1094.5 petition in state court because the plaintiffs "have included a [§ 1094.5] claim as part of their complaint here in federal court, and they have done so in a timely manner"). Even if a plaintiff must fully adjudicate a § 1094.5 petition to exhaust judicial remedies, the Court believes that resolution of Plaintiff's § 1094.5 petition necessarily will resolve important issues relevant to Plaintiff's substantive federal claims under Title IX and § 1983. Therefore, Plaintiff has exhausted his judicial remedies by asserting a cause of action under § 1094.5 in the FAC, and this Court maintains jurisdiction over Plaintiff's federal claims without the need to stay the federal claims at this time.[2]

---

[1] Caltech adopts a quote out of context from *Misischia v. Pirie*, 60 F.3d 626 (9th Cir. 1995), where the Ninth Circuit stated that "[a] litigant cannot use supplemental jurisdiction to have a federal judge instead of a state judge perform the judicial review of a state administrative agency decision which the state statute assigns to a state court." *Id.* at 631. The statute referenced in that case was Haw. Rev. Stat. § 91-14(b), which explicitly stated that proceedings for review of state agency decisions "shall be instituted in the circuit court or, if applicable, the environmental court" of the State of Hawaii. While that Hawaii statute affirmatively assigns review of state agency proceedings to a state circuit court or environmental court, § 1094.5(a) merely states that such a case "shall be heard by *the court* sitting without a jury." Cal. Civ. Proc. Code § 1094.5(a) (emphasis added). Without specifying that "the court" must be a *state* court, as the Ninth Circuit correctly noted, § 1094.5 does not affirmatively require a plaintiff to file a petition in state court. *Doe*, 891 F.3d at 1155. Therefore, *Misischia* is distinguishable.

[2] Plaintiff argues that his claims are not confined to the underlying administrative record because Plaintiff seeks damages under § 1983 for events not included in the administrative record, including Jane Doe's alleged retaliation against Plaintiff following the Title IX disciplinary proceedings. The Court agrees that Plaintiff's claim of discrimination will require factual inquiries beyond the administrative record, but regardless, *Doe* necessitates that Plaintiff's § 1983 claim must first satisfy the judicial exhaustion requirements of § 1094.5 because the claim "involves the substance of the hearing" held by the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

### B. Section 1983

Caltech seeks dismissal of Plaintiff's § 1983 claim on the basis that Dr. Hunt, Caltech's Title IX Coordinator, is not a "state actor."[3]

Section 1983 authorizes lawsuits against any person who, "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Dr. Hunt, a private individual acting in her official capacity as Caltech's Title IX Coordinator, may only be liable under § 1983 if there is a basis to conclude that the State of California was sufficiently involved to label Dr. Hunt's conduct as "state action," including situations where the state "creates the legal framework governing the conduct . . . delegates its authority to the private actor . . . [or] knowingly accepts the benefits derived from unconstitutional behavior." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192 (1988) (citations omitted). In other words, Dr. Hunt's allegedly discriminatory actions must be "fairly attributable" to the state's policies or governmental activities. *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989).

Supreme Court jurisprudence has elucidated four tests, sometimes referred to as factors, to assess whether a private individual's actions amount to state action for purposes of a § 1983 claim: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (citing *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997)). Caltech argues that Dr. Hunt's alleged discrimination against Plaintiff

---

administrative agency. *Logan v. S. Cal. Rapid Transit Dist.*, 136 Cal. App. 3d 116, 123 (1982); *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 412 (2004) (noting that the plaintiff's case was subject to the judicial exhaustion requirements of § 1094.5 because "the gravamen of [the plaintiff's] claims is confined to the disciplinary process and the proceedings against him"). To what extent the factual record may be expanded beyond the administrative proceedings is an issue properly raised at a later stage of litigation following discovery; for purposes of this Order, the Court merely concludes that Plaintiff has adequately included a § 1094.5 petition to satisfy the judicial exhaustion requirement applicable to Plaintiff's federal claims.

[3] Plaintiff notes that, at the time of the filing of Caltech's motion to dismiss, Dr. Hunt had not been served by Plaintiff, and Plaintiff argues that it is improper for Caltech to argue for dismissal of claims brought against a non-appearing co-defendant. However, the Court may sua sponte dismiss a plaintiff's claims under Rule 12(b)(6) if the Court finds that the plaintiff "cannot possibly win relief," making review of Caltech's arguments on Dr. Hunt's behalf appropriately before the Court. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). In any event, counsel for Caltech accepted service on behalf of Dr. Hunt on February 11, 2019, the date that Caltech filed its reply brief to its motion to dismiss. *See* Dkt. 29. Even further, Dr. Hunt has subsequently filed a joinder to Caltech's motion to dismiss. *See* Dkt. 34.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

cannot be considered "state action" merely because Caltech adopted a policy concerning sexual assault in order to receive funds from the state of California. Dkt. 24 at 11. Plaintiff counters that Dr. Hunt's alleged discriminatory actions satisfy the joint action test, the state compulsion test, and the government nexus test.

In briefing Caltech's motion to dismiss, the parties have devoted most of their attention toward the § 1094.5 petition issue, at the expense of more substantive analysis as to whether Dr. Hunt can be considered a "state actor" for purposes of Plaintiff's § 1983 claim. The Court believes that further briefing on this specific issue will assist the Court in understanding the parties' respective legal positions regarding the tests for state action articulated above. Specifically, the Court is unclear as to the application of the Ninth Circuit's decision and analysis in *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806 (9th Cir. 2010), in which the Ninth Circuit appears to establish that a private school may become a state actor if the state "shows interest" in the school's disciplinary proceedings for sexual misconduct, including whether the state issued regulations containing "substantive standards or procedural guidelines that 'could have compelled or influenced'" the private school's decisions. *See id.* at 818 (quoting *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1342 (9th Cir. 1997)). The parties also did not adequately address whether and to what extent Caltech can be considered a state actor if the state regulation at issue, Cal. Educ. Code § 67386(a), merely imposes conditions on the receipt of public funding, which potentially distinguishes this case from the generally applicable regulations at issue in *Caviness* and the cases cited therein.

Accordingly, the parties are ordered to file supplemental briefs within 10 days from the date of this Order to address whether the FAC sufficiently alleges that Dr. Hunt can be considered a state actor under § 1983 based on the Court's inquiries noted above. The parties' briefs are not to exceed 10 pages in length. Following receipt of the parties' supplemental briefing, the Court will issue an order addressing Caltech's motion to dismiss Plaintiff's § 1983 claim.

### III. Conclusion

For the reasons set forth above, the Court DENIES Caltech's motion to dismiss the FAC with respect to Caltech's argument that Plaintiff is precluded from bringing a § 1094.5 petition in federal court. The Court has not reached a decision on Caltech's motion to dismiss Plaintiff's § 1983 claim

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09178-SVW-JEM | Date | April 30, 2019 |
|---|---|---|---|
| Title | *John Doe v. California Institute of Technology, et al.* | | |

against Dr. Hunt on the merits and requests supplemental briefing consistent with the above directives on the issue of whether Dr. Hunt can be considered a state actor.

    IT IS SO ORDERED.

:

Initials of Preparer     PMC